IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER McSWAIN,

            OPINION AND ORDER

        Petitioner,

            09-cv-219-bbc

    v.

PAUL SUMNICHT, DALIA SULIENE,
RICK RAEMISCH, MARY GORSKE,
LORI ALSUM, BELINDA SCHRUBBE,
and BRIAN FRANSON,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Christopher McSwain, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has filed a proposed civil complaint and a request for leave to proceed in forma pauperis. Also, he has filed two motions to amend the complaint to add respondents and further allegations. Petitioner has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the remaining period of his incarceration unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury. After reviewing the complaint, I conclude it must be dismissed without prejudice because it

1

violates Fed. R. Civ. P. 8, but I will give petitioner an opportunity to submit an amended complaint giving respondents proper notice of their involvement in the alleged violations of his rights. Also, I will deny as moot petitioner's motions to amend his complaint to add new respondents.

ALLEGATIONS OF FACT

Petitioner Christopher McSwain is a prisoner at the Columbia Correctional Institution in Portage, Wisconsin. Respondents Lori Alsum and Brian Franson are employed at the Columbia Correctional Institution; Alsum is the health service unit manager and Franson is a unit manager. Respondents Mary Gorske and Belinda Schrubbe are employed at the Waupun Correctional Institution; Gorske is a nurse practitioner and Schrubbe is the health service unit manager. Respondent Rick Raemisch is the secretary of the Wisconsin Department of Corrections. Respondents Paul Sumnicht and Dalia Suliene are listed in the caption but petitioner does not provide job titles or locations for them.

On December 18, 2007, while petitioner was at the Wisconsin Resource Center, he felt very dizzy and fell out of his bed, injuring his knees. A Dr. Hanes at the Mercy Medical Center in Oshkosh, Wisconsin, "discontinued all toxic medications." At some point petitioner was transferred to the Waupun Correctional Institution. Respondent Gorske ordered all the toxic medications that had been discontinued by the hospital. Also, a doctor

2

at the Waupun Correctional Institution and respondent Suliene prescribed these toxic medications. These medications are "killing" him. He is in severe pain, particularly in his kidneys.

## DISCUSSION

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three or more prior occasions, petitioner has filed lawsuits or appeals that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted. McSwain v. Endicott; 96-C-84-C; (W.D. Wis. Feb. 9, 1996); McSwain v. McCaughtry; 97-C-1129; 8/21/98 (E.D. Wis. Aug. 21, 1998); McSwain v. McCaughtry, 97-C-1133; (E.D. Wis. Aug. 21, 1998). Thus, he must prepay the filing fee for this lawsuit unless his complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real

3

and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).

Unfortunately, because petitioner's complaint violates Fed. R. Civ. P. 8, it is difficult for the court to sort out what his claims are against each respondent, much less determine whether individual claims meet the imminent danger requirement. Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Petitioner's complaint does not give fair notice to respondents. Respondents Gorske and Suliene are the only respondents mentioned by name in the body of his complaint, although he includes a statement in the "legal theory" section of the complaint that various respondents "still prescribed me medications that's killing me all these people Suliene Gorske Alsum Schrubbe Sumnicht." There is absolutely no mention of respondents Raemisch or Franson in the complaint. To satisfy Rule 8, petitioner must at least explain what each respondent did to violate his constitutional rights, and where and when each respondent did it.

4

The location where each incident took place is particularly important so that the court can identify which claims fall under the imminent danger requirement of 28 U.S.C. § 1915(g). Given the respondents petitioner names in his complaint, it appears that he is attempting to bring claims regarding his medical care against staff at both the Waupun Correctional Institution and the Columbia Correctional Institution, as well as claims against staff at indeterminate locations and Department of Corrections administrative officials. Thus it is possible some of his claims meet the imminent danger requirement of 28 U.S.C. § 1915(g) while others do not. Certainly petitioner's allegations that he was prescribed "toxic medications" that are currently causing him severe pain imply that he is in imminent danger of serious physical harm, but because petitioner does not explain in his complaint where and when he received this medical care, I cannot ascertain which of his claims meet the imminent danger requirement. To the extent petitioner brings claims against staff at the Waupun Correctional Institution, those claims do not meet the imminent danger requirement because he is no longer incarcerated there. He cannot proceed on those claims unless he pays the entire $350 filing fee.

Because petitioner's complaint violates Rule 8, I will dismiss his complaint without prejudice. He is free to revise his complaint to comply with the rule, explaining what each respondent did that violated his constitutional rights, and where and when each respondent did it. I will give petitioner until May 28, 2009, to do so. Once the court receives the

5

amended complaint, I will assess each claim to determine whether it alleges imminent danger of serious physical harm.  Should petitioner bring claims that do not allege imminent danger, such as those against staff at the Waupun Correctional Institution, I will require him to either pay the entire $350 filing fee or voluntarily dismiss the non-imminent danger claims before proceeding with the case.  If petitioner fails to submit an amended complaint by May 28, I will direct the clerk of court to close the file.

There are two final issues that require attention.  It is possible that petitioner thought that he could submit a complaint short on details because he submitted more than 200 pages of exhibits, mostly medical and prison records, along with the complaint.  I cannot consider these exhibits as part of the complaint because doing so would also violate Rule 8, creating a long complaint requiring far too much effort for respondents to sift through in order to defend the case.  Therefore I will return these documents to petitioner.

Finally, petitioner has filed two motions to amend his complaint, in which he attempts to add new respondents and further allegations.  These motions are no clearer than petitioner's original complaint.  I will deny as moot petitioner's motion to amend his complaint because I have already concluded that he must heavily revise his complaint to bring it into compliance with Rule 8.  Petitioner is free to include new respondents in an amended complaint, but he should be sure to explain what action each respondent took to violate his constitutional rights.

6

ORDER

IT IS ORDERED that:

1. Petitioner Christopher McSwain's complaint is DISMISSED without prejudice for petitioner's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 28, 2009, to file an amended complaint that complies with Fed. R. Civ. P. 8. If petitioner does not file an amended complaint by that date, the clerk of court is directed to close the case.

2. Petitioner's motions to amend the complaint, dkt. ##3 and 5, are DENIED as moot.

Entered this 6th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7