IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER McSWAIN,

                 OPINION and ORDER

      Plaintiff,

                 09-cv-219-bbc

  v.

DALIA SULIENE,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Christopher McSwain, who is currently incarcerated at the Columbia Correctional Institution in Portage, Wisconsin, is proceeding on his claim that defendant Dalia Suliene was deliberately indifferent to his serious medical needs by prescribing him medications with harmful side effects and failing to address his constant pain and other medical problems. In an August 19, 2009 order, I construed plaintiff's complaint as including a motion for preliminary injunctive relief because he alleged that he is in imminent danger of serious physical injury. I gave plaintiff until September 11, 2009 to file a brief, proposed findings of fact and evidentiary materials in support of his motion for a preliminary injunction. Plaintiff has responded by filing not only materials in support of his motion for preliminary injunctive relief, but also a host of other motions, including two for

1

summary judgment, a motion for preliminary injunctive relief regarding his legal mail, two motions for appointment of counsel and two motions to supplement or amend his complaint, among others.

Because the materials plaintiff has submitted in support of his motion for preliminary injunctive relief do not comply with the court's procedures to be followed on motions for injunctive relief, I will give him another chance to submit materials in support of the motion. Also, I will grant plaintiff's motion to supplement his amended complaint with a request for punitive damages and I will deny the rest of his motions.

OPINION

1. Motions for preliminary injunctive relief

a. Motion regarding medical care

First, plaintiff has responded to the court's August 19, 2009 order by submitting a formal motion for a preliminary injunction ordering defendant to stop requiring plaintiff to take "toxic medications," a brief, proposed findings of fact and attached exhibits. Dkt. ##14-16. He has also filed a motion for a two-week extension of time, dkt. #18, so that he may retrieve medical records from his file. At this point, plaintiff's submissions do not comply with this court's procedures for obtaining injunctive relief. (A copy of the procedures was sent to plaintiff along with the August 19, 2009 order.) These procedures require that

2

plaintiff submit individually numbered proposed findings of fact, each of which is followed by a citation to the location of admissible evidence in the record that supports the factual proposition.  In his findings of fact, plaintiff tells his story in one large narrative paragraph rather than individual proposed findings, and although he attaches some documents from his medical file, he does not cite these in his proposed findings.  Moreover, many of the statements made in his proposed findings do not appear to be supported by those medical documents and he does not include an affidavit in which he states under penalty of perjury that these statements are true.

     Given the deficiencies in plaintiff's submissions, I will give him another chance to file materials in support of his motion for preliminary injunctive relief.  Plaintiff should make sure to follow the court's procedures.  He should separate his findings of fact into individual numbered paragraphs for each proposed finding.  Also, he should explain what proof he has for each finding; to do this he should identify the admissible evidence that states the fact he proposes in each finding.  Finally, for those facts that are not included in the medical records themselves or supported by them but rather are plaintiff's own recollection about what happened, he should include an affidavit in which he sets out these facts and swears they are true under penalty of perjury, and then state that the affidavit supports each proposed finding of fact coming from that document.

     Plaintiff will have until November 11, 2009 to file new proposed findings of fact

along with evidence in support of his proposed findings. I will return the exhibits he attached to his original proposed findings because they appear to be his original copies and I will attach another copy of the court's procedures for injunctive relief. Defendant will have until November 25, 2009 to file her response. Plaintiff's motion for an extension of time regarding his original motion for preliminary injunctive relief will be denied as unnecessary.

b. Motion regarding legal mail

Plaintiff has filed a second motion for preliminary injunctive relief, this one seeking an order restraining the warden of the Columbia Correctional Institution, Greg Grams, from interfering with his legal mail. He appears to allege that Grams is not letting plaintiff send out legal materials and makes plaintiff show him what he is filing to satisfy the Department of Corrections' legal loan extension policy. I note that, as with his other motion for preliminary injunctive relief, plaintiff does not comply with the court's procedures. However, even if plaintiff complied with the procedures, I would deny his motion.

To the extent plaintiff is alleging that he is being denied access to the court, that claim would have to be brought in a separate lawsuit. If plaintiff could show that prison officials were physically blocking him from getting mail to the court about *this* lawsuit, I would take up his complaint. However, given all of plaintiff's recent filings this is certainly not the case.

As to plaintiff's allegations that Grams makes him show him his legal filings in order

to comply with the legal loan extension policy, this is not a matter for this court. In <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1111 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit held that the district courts in Wisconsin are under no obligation to order the state of Wisconsin to lend prisoners more money or paper than they are authorized to receive under § DOC 309.51. Moreover, I note that although plaintiff argues that there is no policy allowing Grams to view his legal mail before it leaves the prison, the copy of the Department of Corrections policy provided by plaintiff states, "The inmate may be required to open the envelope in his/her presence to verify that the contents are entirely legal mail." Accordingly, I will deny plaintiff's motion for preliminary injunctive relief against Grams.

2. <u>Motions for summary judgment</u>

Plaintiff has filed two motions for summary judgment, but, as with his motions for preliminary injunctive relief, he has not complied with this court's procedures. Plaintiff received a copy of the procedures to be followed on motions for summary judgment along with the preliminary pretrial conference order entered October 15, 2009. Like the procedures for preliminary injunctive relief, motions for summary judgment must be supported by proposed findings of fact along with supporting evidence. Plaintiff failed to submit proposed findings of fact and relies on his own unsworn statements about what occurred. Perhaps it is understandable that plaintiff's motions do not comply with these

procedures because he filed the motions before the preliminary pretrial conference was held, but his motions must be denied because of this non-compliance. Plaintiff is free to file a new motion for summary judgment under the deadlines set out in the preliminary pretrial conference order, but in doing so he will have to provide the court with proposed findings of fact identifying admissible evidence showing why he is entitled to judgment as a matter of law. Given that he has been given another chance to support his motion for a preliminary injunction, I suggest that he wait until that motion is resolved before he attempts to file another motion for summary judgment. Also, he may find it easier to present evidentiary materials in support of his case after conducting discovery, as explained in the preliminary pretrial conference order.

3. Motions to amend or supplement the complaint

Plaintiff has filed two motions to amend or supplement the complaint. First, he has filed a motion asking "for money and punitive damages." Plaintiff already requests compensatory damages in his amended complaint (which is now the operative pleading) but the punitive damages request is new. It is uncertain whether plaintiff needs to file a formal request for punitive damages. The Court of Appeals for the Seventh Circuit has stated that it "has not squarely addressed the question of whether punitive damages are considered 'special damages,' which must be specifically pled in a complaint," but notes that "'district

6

courts should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings.'" Soltys v. Costello, 520 F.3d 737, 742 (7th Cir. 2008) (quoting Old Republic Ins. Co. v. Employers Reinsurance Corp., 144 F.3d 1077, 1080 (7th Cir. 1998). Even if plaintiff is required to specifically plead his request for punitive damages, this court "should freely give leave when justice so requires." Fed. R. Civ. P. 15. At this point in the proceedings, defendant is not prejudiced by plaintiff's request to supplement his complaint to add a request for punitive relief. Therefore, his motion will be granted.

Also, plaintiff has filed a motion for leave to amend the complaint to add as defendants Grams and Marc Clements, the deputy warden at the prison. I will deny this motion because plaintiff does not set out his new allegations in the form required by this court. When a party wishes to amend his complaint, he must file a document that can replace the complaint that is the current pleading. It would be too difficult and confusing for the parties and the court to look at different complaints to try to find out what claims plaintiff is asserting. To avoid any confusion about exactly what plaintiff wishes to add or subtract from his proposed amended complaint, he will have to submit the proposed amended complaint in the following format:

    1. He should begin with a duplicate copy of his original complaint.

    2. He must then draw a line through the allegations he wishes to delete and circle or highlight allegations he is adding to the complaint.

courts should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings.'" Soltys v. Costello, 520 F.3d 737, 742 (7th Cir. 2008) (quoting Old Republic Ins. Co. v. Employers Reinsurance Corp., 144 F.3d 1077, 1080 (7th Cir. 1998).  Even if plaintiff is required to specifically plead his request for punitive damages, this court "should freely give leave when justice so requires." Fed. R. Civ. P. 15.  At this point in the proceedings, defendant is not prejudiced by plaintiff's request to supplement his complaint to add a request for punitive relief.  Therefore, his motion will be granted.

Also, plaintiff has filed a motion for leave to amend the complaint to add as defendants Grams and Marc Clements, the deputy warden at the prison.  I will deny this motion because plaintiff does not set out his new allegations in the form required by this court.  When a party wishes to amend his complaint, he must file a document that can replace the complaint that is the current pleading.  It would be too difficult and confusing for the parties and the court to look at different complaints to try to find out what claims plaintiff is asserting.  To avoid any confusion about exactly what plaintiff wishes to add or subtract from his proposed amended complaint, he will have to submit the proposed amended complaint in the following format:

    1. He should begin with a duplicate copy of his original complaint.

    2. He must then draw a line through the allegations he wishes to delete and circle or highlight allegations he is adding to the complaint.

4. Motions to appoint counsel

Plaintiff has filed two motions for appointment of counsel, which I will deny for two reasons. First, in deciding whether to appoint counsel, I must find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he asked to represent him in this case and who turned him down. Plaintiff states that he "has not made efforts to obtain an attorney to help him cause he couldn't find one that would help him with his case." From this statement it is unclear precisely what steps plaintiff has taken, but in any case, he has not given the court the names and addresses of at least three lawyers whom he asked to represent him.

Second, even had plaintiff proven that he made reasonable efforts to find a lawyer, I must consider both the complexity of the case and the plaintiff's ability to litigate it himself. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Plaintiff argues that his imprisonment hampers his ability to litigate the case and that a lawyer would be better able to present evidence and cross-examine witnesses. These are not good reasons to appoint counsel because these handicaps are universal among pro se litigants. If he reads the

procedures sent to him along with the pretrial conference order, he should be able to file motions and obtain information from defendant. The law governing plaintiff's claim is straightforward and was explained to him in the order granting him leave to proceed. As for the facts, plaintiff has personal knowledge of the treatment he did or did not get and he should be able to obtain access to his own medical records to find support for his claim. No doubt a lawyer could do a better job than plaintiff at litigating this case. But the test is not whether a good lawyer would do a better job than the pro se litigant. At this point I conclude that plaintiff has not shown that he cannot prosecute this case on his own in light of its complexity.

5. Other motions

Plaintiff has filed a document titled "Motion Not to Dismiss Plaintiff's Lawsuit," but I have already granted plaintiff leave to proceed on his claim and defendant has not filed a motion to dismiss. Therefore I will deny this motion as unnecessary.

Finally, plaintiff has filed a document titled "Motion to Deny Qualified Immunity," which I construe as a reply to the answer. Such replies are forbidden under Fed. R. Civ. P. 7(a) unless directed by the court, and I have not requested that plaintiff file a reply. Therefore I will deny the motion as unnecessary. Plaintiff should be aware, however, that he is not prejudiced by Rule 7(a). Under Fed. R. Civ. P. 8(b)(6), the court assumes that the

plaintiff denies the answer. Therefore, although plaintiff is not permitted to respond to defendant's answer, the court assumes that he has denied the factual statements and affirmative defenses raised in that answer. Should defendant raise the issue of qualified immunity in a motion to dismiss or motion for summary judgment, plaintiff will be given a chance to respond.

ORDER

IT IS ORDERED that

1. Plaintiff Christopher McSwain will have until November 11, 2009 to file new proposed findings of fact in support of his motion for preliminary injunctive relief against defendant, along with evidence in support of his proposed findings. Defendant will have until November 25, 2009 to file her response.

2. Plaintiff's motion for an extension of time regarding his motion for preliminary injunctive relief, dkt. #18 is DENIED as unnecessary.

3. Plaintiff's motion for preliminary injunctive relief against Greg Grams, dkt. #26, is DENIED.

4. Plaintiff's motions for summary judgment, dkt. ##22 & 32, are DENIED.

5. Plaintiff's motion to supplement his amended complaint with a request for punitive damages, dkt. #31, is GRANTED. Plaintiff's request for punitive damages will be

deemed pleaded in his amended complaint.

6. Plaintiff's motion for leave to amend his complaint to add as defendants Greg Grams and Marc Clements, dkt. #40, is DENIED.

7. Plaintiff's motions for appointment of counsel, dkt. ##17, 25, are DENIED.

8. Plaintiff's "Motion Not to Dismiss Plaintiff's Lawsuit," dkt. #33, and "Motion to Deny Qualified Immunity," dkt. #34, are DENIED as unnecessary.

Entered this 30th day of October 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

11