IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER McSWAIN,

                           Plaintiff,

    v.

DALIA SULIENE,

                           Defendant.

ORDER

09-cv-219-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER McSWAIN,

                           Plaintiff,

    v.

JAMES GREER, RICK RAEMISCH,
GREG GRAMS, ALICE ROGERS,
MARLYS KERR and MICHAEL S. THURMER,

                           Defendants.

ORDER

09-cv-649-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On November 20, 2009, the Wisconsin Department of Corrections informed the court that plaintiff Christopher McSwain died on November 14, 2009. Plaintiff was litigating two cases in this court. In case no. 09-cv-219-bbc, plaintiff was proceeding on his

1

claim that defendant Dalia Suliene was deliberately indifferent to his serious medical needs by prescribing him medications with harmful side effects and failing to address his constant pain and other medical problems. In case no. 09-cv-649-bbc, plaintiff requested leave to proceed in forma pauperis on claims that (1) he suffers embarrassment and humiliation because he cannot afford as many hygiene items as he would like; (2) the prison medical debt repayment policies are unfair for an inmate with his condition; and (3) he is unable to afford canteen items to maintain his blood sugar level. In a November 13, 2009 order, I denied plaintiff's request for leave to proceed in forma pauperis on the first two claims because he had struck out under 28 U.S.C. § 1915(g) and could proceed in forma pauperis only on claims that he was in imminent danger of serious physical injury. I told plaintiff he would have to pay the full $350 filing fee to proceed on those claims. Further, I concluded that his third claim possibly involved imminent danger, but violated Fed. R. Civ. P. 8 because it was so vague. I told plaintiff he would have to amend his complaint before he could proceed on that claim. However, because plaintiff died on November 14, 2009, he never received this order. Now I must consider how to proceed with these actions.

Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, the court may order the substitution of the proper party, ordinarily the personal representative of the party who has died. However, the suit must be dismissed if the motion for substitution is filed more than 90 days "after service of a statement noting the death." Usually the party putting the

"suggestion of death" on the record must serve the decedent's representative or successor in order to start the 90-day clock running, but this requirement is waived when the party filing the suggestion of death does not know who the representative is. George v. United States, 208 F.R.D. 29, 32 (D. Conn. 2001); see also Atkins v. City of Chicago, 547 F.3d 869, 873-74 (7th Cir. 2008) (noting the George exception to case law stating decedent's representative must be served).

With regard to case no. 09-cv-219-bbc, it is unclear whether defendant Suliene wishes to have the case dismissed under Rule 25(a)(1), but if she does, there are two things she must do. First, although the letter submitted by the Department of Corrections would usually be considered a suggestion of death, it is not properly "on the record" within the meaning of Rule 25 because the department is not technically a party to this case. To put the suggestion of death on the record, it will have to be submitted by defendant Suliene (or by plaintiff's representative).

Second, to start the 90-day clock running, defendant Suliene must serve plaintiff's representative or successor with the suggestion of death if she knows who that person is. If she does not, the 90-day clock runs from the filing of the suggestion of death. However, the record does not show whether defendant Suliene has served plaintiff's representative or successor, or even whether she knows who the representative might be. She has not averred that she does not know who the representative is (although I note that the Columbia

3

Correctional Institution has notified the court of plaintiff's mother's address for forwarding purposes).

In the meantime, I will direct the clerk of court to close the case without prejudice. However, because defendant Suliene has not sought to have the case dismissed under Rule 25, plaintiff's representative or successor is free to seek substitution by filing a motion to reopen the case along with a suggestion of death and motion for substitution.

The procedural posture of case no. 09-cv-649-bbc is quite different. This case never passed the screening stage, so defendants have not been served with the complaint. This makes it unlikely that defendants would ever seek dismissal of the case under Rule 25. I will direct the clerk of court to close the case but note that plaintiff's representative or successor is free to file a motion to reopen it (along with a suggestion of death and motion for substitution). Because it may be helpful in resolving these cases, I am sending a copy of this order to plaintiff's mother at the address provided by the Department of Corrections.


ORDER

IT IS ORDERED that the clerk of court is directed to close case nos. 09-cv-219-bbc

4

and 09-cv-649-bbc without prejudice.

Entered this 8th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5